FIELD *v.* HALL, SECRETARY OF STATE.

4-6225

143 S. W. 2d 567

Opinion delivered October 14, 1940.

*A. D. Shelton,* for appellants.

*Jack Holt,* Attorney General, and *Leffel Gentry,* Assistant Attorney General, for appellee.

*M. A. Matlock, amicus curiae.*

HUMPHREYS, J. Appellant, Ralph Field, was nominated as a candidate for governor and appellant Arley Woodrow was nominated as a candidate for presidential elector by the Communist party of Arkansas, which is an organized political party in the state, and appellant D. Zini is the secretary of the convention which nominated them. Their nominations were duly certified to C. G. Hall, Secretary of State, on September 9, 1940, to the end that their names might be placed on the general election ballot on November 5, 1940, as nominees respectively for governor and elector of the Communist party. On September 10, 1940, the Secretary of State returned to the petitioners by registered mail their certificates of nomination and notified them from the evidence before him that the Communist party in Arkansas violates § 1 of Act 33 of the Acts of 1935, and that he declined to place the names of the above nominees of the Communist party on the general election ballot of November 5, 1940.

On September 12, 1940, appellants filed a petition for mandamus against appellee, C. G. Hall, Secretary of State, to compel him to accept the certificates of nomination of the nominees of the Communist party of Arkansas and to print the same on the ballot to be used at the general election to be held in the State of Arkansas on the 5th day of November, 1940, said nominees being Ralph Field, nominee for governor and Arley Woodrow, nominee for presidential elector, alleging, in substance, a full compliance with all the laws of the State of Arkansas necessary as a prerequisite to having the names of their nominees printed upon the ballot to be used at the general election to be held in the state of Arkansas on the 5th day of November, 1940, and that the existence of the party was not in violation of Act 33 of the Acts of 1935, specifically stating that the

Communist party does not advocate the overthrow of the local, state or national government, by force or violence, and that it is not affiliated in any way with any political party or organization or subdivision of organizations advocating such a program by radio, speech, or press; that the Secretary of State, C. G. Hall, was a ministerial officer and that it was his duty to accept the certificate and print the names of the nominees of said party on the ballot and that he was without power or authority to exercise any discretion in the matter; and also that Act 33 of the Acts of 1935 is in violation of the Constitution of the State of Arkansas and of the Constitution of the United States and deprives the petitioners of their rights under the constitution.

On September 23, appellee filed an answer denying the material allegations in the complaint.

On October 1, 1940, the trial court heard the application for a writ of mandamus on the pleadings and testimony introduced and adjudged that the petitioners' petition for a writ of mandamus be and the same is hereby denied over the objection and exception of appellants.

On October 2, 1940, appellants, by leave of court, filed their motion for a new trial alleging that the court erred in holding that C. G. Hall, the Secretary of State, had discretionary power to determine whether appellants had the right to certificates of nomination entitling their names to be placed upon the ballot; and erred in holding that appellants and the Communist party of Arkansas advocated the overthrow of the local, state or national government by force or violence; and also erred in refusing to hold that Act 33 of the Acts of 1935 was in violation of the Constitution of the State of Arkansas and in violation of the Constitution of the United States.

The motion for a new trial was overruled over the exception of appellants whereupon they prayed an appeal to the Supreme Court of the State of Arkansas, which was granted.

The bill of exceptions which was prepared and filed within the time allowed by law is quite voluminous containing 810 pages.

It is conceded by appellants that the Secretary of State was authorized to place on the ballot the names of the nominees of political parties, but it is contended that this is a ministerial duty and that he has no authority to exercise any discretion in the matter under Act 33 of the Acts of the General Assembly of 1935. The Act is short and we quote it in full, which is as follows:

## "ACT 33

"An Act to Bar Un-American Parties from the Election Ballot."

"Be it Enacted by the General Assembly of the State of Arkansas:

"Section 1. No political party shall be recognized and given a place on the ballot which advocates the overthrow by force or violence, or which advocates or carries on a program of sedition or treason by radio, speech or press, of our local, state or national government. No newly organized political party shall be permitted on the ballot until it has filed an affidavit by its officers, under oath, that it does not advocate the overthrow of local, state or national government by force or violence, and that it is not affiliated in any way with any political party or organization, or sub-divisions of organizations, which does advocate such a policy by radio, speech or press.

"Section 2. Any person who shall violate any provision of this act shall be guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than $100 nor more than $1,000, and in addition thereto may be imprisoned for not more than six months.

"Section 3. All laws and parts of laws in conflict herewith are hereby repealed, and this act shall take effect and be in force from and after its passage.

"Approved: February 15, 1935."

It will be observed that the first few lines of § 1 of the act provides that: "No political party shall be recognized and given a place on the ballot which advocates the overthrow by force or violence . . . of our local, state or national government." The provisions of the statute impose the duty upon the secretary of state to determine whether a political party who has certified nominations of candidates for office to him advocates the overthrow of the government by force or violence or whether it has carried on a program of sedition or treason by means of radio, speech, or press. The determination of the question necessarily involves discretion on the part of the secretary of state. We cannot agree with the learned attorney general that the discretion of the secretary of state is not subject to control by the courts if exercised arbitrarily and without information to justify his act.

Appellants complain that they were not given the benefit of a trial before the secretary of state, but no provision is made in the statute for a trial before him. The statute vests in him authority to determine whether the political party certifying its nominees advocates the overthrow of our local, state or national government etc., without specifying the manner or method he shall use in making the determination, leaving the manner or method in his discretion. We cannot, therefore, say, as a matter of law, that he acted arbitrarily or abused his discretion in not giving appellants a trial.

It is also argued that the trial court erred in holding that the Communist party in Arkansas advocates the overthrow of the local, state or national government. We find evidence of a substantial nature in the record tending to show that it does. Arley Woodrow, candidate for elector, testified that the Communist party in Arkansas adopted the constitution of the Communist party of the United States of America as its constitution in May, 1940.

The preamble to the constitution of the Communist party of the United States of America states, in part,

that the Communist party "is devoted to . . . preparation of the working class for its historic mission to unite and lead the American people to extend these democratic principles to their necessary and logical conclusions; . . . by the establishment of socialism, according to the scientific principles enunciated by the greatest teachers of mankind, Marx, Engels, Lenin and Stalin, embodied in the Communist International."

Article XI of the constitution of the Communist party of the United States is as follows:

"The Communist Party of the U. S. A. is affiliated with its fraternal Communist Parties of other lands through the Communist International and participates in International Congresses, through its National Committee. Resolutions and decisions of International Congresses shall be considered and acted upon by the supreme authority of the Communist Party of the U. S. A., the National Convention, or between Conventions, by the National Committee."

From the above quotations it is apparent that the Communist party of Arkansas advocates the establishment of the teachings of Marx, Engels, Lenin and Stalin and the record reflects that the Communist party of Arkansas is a part of the Communist party of the United States which is affiliated with the Communist party of other lands through the Communist International. The following excerpts from the "Communist Manifesto" by Marx and Engels, as shown by the record in this case, are as follows:

"In short, the Communists everywhere support every revolutionary movement against the existing social and political order of things.

"The Communists disdain to conceal their views and aims. They openly declare that their ends can be attained only by the forcible overthrow of all existing social conditions. Let the ruling classes tremble at a Communistic revolution. The proletarians have nothing to lose but their chains."

Without setting them out this record contains many excerpts from the writings of the founders of the Communist party tending to show that the party advocates the overthrow of all forms of government and the establishment of the rule of the proletariat by force and violence if necessary. We deem it unnecessary to incorporate in this opinion the excerpts appearing in the transcript from the authors and founders of the Communist party.

There is substantial evidence in this record tending to show that the Communist party in Arkansas which has adopted the constitution of the Communist party of the United States of America advocates the enforcement of its doctrines by overthrowing other established governments, if necessary, in order to do so. We are unable to say that the undisputed evidence as reflected by this record is insufficient to support the findings and judgment by the trial court.

The rule of evidence applicable is if there is any substantial evidence in the record to support a finding and judgment of a court of law the judgment will be affirmed.

Next and lastly it is argued that even though Act 33 of the Acts of 1935 of the General Assembly vests the secretary of state with discretionary authority which may be controlled by courts and even though the record reflects substantial evidence in support of the finding and judgment of the court to the effect that the Communist party of Arkansas violates the Act, yet the Act itself is void and unconstitutional because it denies the right of suffrage to a person or group of persons and denies to them their right of freedom of speech and freedom of the press. We cannot agree with appellants that the Act is unconstitutional upon either ground urged. The Act does not deal with the right of suffrage at all nor attempt to prohibit any political party or any members of a political party from carrying on a program of sedition or treason by radio, speech or press. It deals with political privileges only and

not with civil rights. It does not prohibit the Communist party or any other party from advocating the overthrow of government by force or violence nor prohibit them from carrying on a program of sedition or treason by radio, speech or press. It simply denies them the political privilege of having their names placed as candidates upon election ballots to be voted upon at an election in case they advocate or are affiliated with any other party which advocates the overthrow of our government by violence or advocates a program of sedition or treason by radio, speech or press. Neither the federal nor the state constitution in any way deals with or recognizes the nominations of candidates by political parties. Relative to the nominations of candidates by political parties the following statement is made . in 9 R. C. L., 1064: ''This is not, however, a constitutional right, but rather a political privilege, depending upon the will of the people, as expressed to their representatives in the Legislature, or in the absence of positive statutory law, upon the will of party adherence, expressed through conventions, caucuses, or otherwise, in accordance with the rules and regulations of political organizations.''

We do not think there can be any doubt that the legislatures of the various states have authority to establish conditions precedent to the existence and operation of political parties.

We think the Act is constitutional because it in no way abridges the civil right of suffrage and the right to the freedom of speech.

No error appearing, the judgment of the trial court is .affirmed.

SMITH, J. concurs.